UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **SIGNAL HEALTH GROUP, INC. d/b/a SIGNAL HEALTH GROUP ASSISTED CARE @ HOME, SHG EMPLOYEE LEASING COMPANY, INC., HAHN MARCH,** an individual, and **NANCY STANLEY,** an individual, | ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

Civil Action No.: 1:24-cv-1860

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), Plaintiff, **Julie A. Su**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the Defendants Signal Health Group, Inc. d/b/a Signal Health Group Assisted Care @ Home, SHG Employee Leasing Company, Inc., Hahn March, and Nancy Stanley (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

1

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from March 16, 2020 through March 15, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Signal Health Group, Inc. d/b/a Signal Health Group Assisted Care @ Home ("Signal Health Group"), is a corporation within this Court's jurisdiction with an office at 10500 Crosspoint Boulevard, Indianapolis, Indiana, where it conducts business.

4. Defendant Signal Health Group operates a home healthcare company that provides clients with a broad range of services, including medical, housekeeping, and hospice services.

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

5. Defendant Signal Health Group provides clients medical services under the name Signal Health Group Assisted Care @ Home.

6. Defendant Signal Health Group employed and continues to employ employees in and around Indianapolis, Indiana. Defendant Signal Health Group is an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. Defendant SHG Employee Leasing Company, Inc. ("SHG Employee Leasing") is a corporation registered in Nevada conducting business in and around Indianapolis, Indiana, within this Court's jurisdiction.

8. Defendant SHG Employee Leasing provides Signal Health Group's clients auxiliary support services, such as housekeeping, errands, and bathing assistance.

9. Defendant SHG Employee Leasing employed and continues to employ employees in and around Indianapolis, Indiana. Defendant SHG Employee Leasing is an "employer" under the FLSA. 29 U.S.C. § 203(d).

10. SHG Employee Leasing acted directly and/or indirectly in the interest of Signal Health Group in relation to its employees by coordinating scheduling of a shared pool of employees to serve shared clientele in and around Indianapolis, Indiana, representing itself as Signal Health Group to the public, and sharing management and operations teams with Signal Health Group.

11. Signal Health Group acts directly and/or indirectly in the interest of SHG Employee Leasing by sharing clientele in and around Indianapolis, Indiana, and sharing management and operations teams with SHG Employee Leasing.

12. SHG Employee Leasing and Signal Health Group are joint employers under the FLSA such that they are jointly and severally liable for the violations set forth in this Complaint.

13. Defendant Hahn March ("March") owns and acts as Chief Executive Officer of both Signal Health Group and SHG Employee Leasing. March has actively managed and supervised Signal Health Group and SHG Employee Leasing's operations and its employees during the Investigation Period. Among other things, March has supervised employees, hired and fired employees, overseen the scheduling of employees, and set employees' pay rates.

14. March has acted directly or indirectly in Signal Health Group and SHG Employee Leasing's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

15. Defendant Nancy Stanley ("Stanley") acts as Chief Financial Officer of both Signal Health Group and SHG Employee Leasing. Stanley has actively managed and supervised Signal Health Group and SHG Employee Leasing's operations and its employees during the Investigation Period. Among other things, Stanley has supervised employees, hired employees, and determined pay policies and practices for Signal Health Group and SHG Employee Leasing.

16. Stanley has acted directly or indirectly in Signal Health Group and SHG Employee Leasing's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

17. During the Investigation Period, Defendants engaged in business within Marion County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

18. Signal Health Group and SHG Employee Leasing are an "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

19. As owner and Chief Executive Officer, March directs and exercises control over the operations of Signal Health Group and SHG Employee Leasing.

20. As Chief Financial Officer, Stanley, in coordination with March, directs pay practices and financial operations of both Signal Health Group and SHG Employee Leasing.

21. Signal Health Group and SHG Employee Leasing are both engaged in the provision of complimentary home health services to shared clientele, performing mutually supportive services to the substantial advantage of the other entity.

22. Signal Health Group and SHG Employee Leasing are each an "enterprise engaged in commerce" under the FLSA, because they had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

23. As "employment of persons in domestic service in households affects commerce," 29 U.S.C. § 202(a); 29 C.F.R. § 552.99, employees of SHG Employee Leasing are also individually covered under the FLSA.

## FLSA Violations

24. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees 1.5 times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2). Specifically:

    a. Defendants utilized an artificial regular rate pay scheme by: (1) setting an artificially low hourly rate of pay; (2) paying overtime hours at one-and-one-half times the artificially low hourly rate of pay to make it appear they were paying the overtime premiums for hours worked over 40 in a workweek; and (3) mislabeling wages as purported discretionary "bonuses," which Defendants agreed in writing in advance to pay employees and should have been included in the employees' regular rates. Thus, when the purported discretionary "bonuses" are included in employees' total compensation, their regular rates of pay are consistently higher than their purported hourly rates of pay.

    b. Defendants separated hours worked by employees for Signal Health Group and SHG Employee Leasing for purposes of calculating overtime hours. Thus, Defendants failed to pay the overtime premium when employees worked a cumulative total of more than 40 hours in a workweek across both Signal Health Group and SHG Employee Leasing.

    c. Defendants failed to compensate employees for hours worked while traveling between jobsites during the workday, and thus, failed to pay the overtime premium for all hours worked over 40 in a workweek.

   d. Defendants misclassified certain overtime-eligible employees as exempt executive or administrative employees under Section 13(a)(1) of the FLSA and failed to pay these employees overtime compensation when they worked more than forty hours in a workweek. Defendants misclassified at least one other employee as an exempt employee and did not pay them a weekly salary of at least $684 per week, as required by 29 C.F.R. § 541.600.

 25. Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve accurate time and payroll records of:

   a. the hours worked each workday and total hours worked each workweek by each employee;

   b. regular hourly rate of pay for any workweek in which overtime compensation is due;

   c. total daily or weekly straight-time earnings due for hours worked during the workday or workweek; and

   d. total premium pay for overtime hours in a workweek.

 26. Moreover, Defendants repeatedly and willfully violated Sections 207 and 211 of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

 27. Specifically, Defendants acted willfully when they continued to violate the overtime and recordkeeping provisions of the FLSA after receiving direct notice

about the FLSA's requirements by virtue of a previous investigation of March's home healthcare company by the U.S. Department of Labor's Wage and Hour Division ("WHD") in 2018.

     a.    In 2018, WHD investigated Hahn March's home healthcare company, then operating as Aging and Disabled Home Healthcare, and directly informed March and her attorney that their company was in violation of the FLSA's overtime provisions for failure to (1) pay overtime premiums for all hours worked over 40 in a workweek; (2) include a non-discretionary bonus in the regular rate for purposes of overtime hours; and (3) pay employees for travel time during a workday. Additionally, WHD informed March and her attorney that March's home healthcare company was in violation of recordkeeping provisions of the FLSA for failure to maintain a set workweek for employees.

     b.    March and her attorney confirmed that they fully understood the overtime provisions of the Act, as well as the exemptions to those provisions. March's home healthcare company also agreed to pay any unpaid overtime wages owed as a result of those earlier violations, though it only paid back partial back wages and the rest of the back wages were submitted for debt collection.

**Remedies Sought**

28.    As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c),

217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

29. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

30. Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), and 215 (a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in

active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

    D.    Providing such other relief as may be necessary and appropriate.

    E.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Travis W. Gosselin*
TRAVIS W. GOSSELIN
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-6991
gosselin.travis@dol.gov
IL ARDC # 6282984

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor, United States*
*Department of Labor*

## **EXHIBIT A**

1. D. Abbott[2]
2. H. Allen
3. K. Barber
4. B. Buck
5. B. Bradburn
6. P. Bryant
7. C. Catron
8. C. Charles
9. J. Davis
10. A. Deweese
11. A. Dotterer
12. S. Dugan
13. C. Dunaway
14. D. Hunt
15. C. Exford
16. T. Flowers

---

[2] Names have been redacted for privacy reasons. The Acting Secretary will provide Defendants with an unredacted list.

17. A. Guerrero
18. K. Gahret
19. T. Goodwin
20. K. Howell
21. M. Howard
22. D. Johnson
23. A. Lara
24. E. LeFebvre
25. B. Martin
26. A. Moore
27. V. Moseley
28. K. Nardi
29. N. Noah
30. S. Neal
31. H. Ogden
32. S. Overton
33. A. Patrick
34. J. Prows
35. L. Pugh
36. T. Rains
37. S. Redwine
38. Y. Robinson
39. L. Roland
40. L. Riggs
41. W. Rushing
42. B. Salazar
43. A. Shipley
44. M. Short
45. L. Storms
46. S. Terrell
47. J. Thomas
48. A. Turner
49. A. Wildridge
50. S. Wine
51. A. Woodward